UNITED STATES DISTRICT COURT
For The
EASTERN DISTRICT OF VIRGINIA

Norfolk Division

OCCIDENTAL FIRE &
CASUALTY COMPANY OF
NORTH CAROLINA

      Plaintiff

v.                                                              Case No: 2:22-cv-37

ELIZABETH SPRINGS
1305 Arce Ct.
Chesapeake, VA 23322

and

CHRISTOPHER SPRINGS
1305 Arce Ct.
Chesapeake, VA 23322

and

LEIGHTON DEVORE
191 Virginia Beach Boulevard, #68
Virginia Beach, VA 23451

And

JASMINE HERNANDEZ
c/o Bobby Howlett, Jr., Esquire
327 Duke Street
Norfolk, VA 23510

      Defendants

## COMPLAINT

COMES NOW the Plaintiff Occidental Fire & Casualty Company of North Carolina, who shall hereinafter be referred to as Occidental, by counsel, and as its Complaint for declaratory judgment states as follows:

### The Policy of Insurance at Issue

1. This Complaint is brought for the construction and interpretation of Occidental Homeowner Policy VAH086157001, which policy of insurance was issued by Occidental, and was formed, made and entered into in Chesapeake, Virginia. The described policy affords Five Hundred Thousand Dollars ($500,000.00) in liability insurance coverage.

2. A true, accurate and complete copy of Occidental Homeowner Policy VAH086157001 is attached hereto as Exhibit 1. Occidental Homeowner Policy VAH086157001 shall hereinafter be referred to as the Occidental Policy.

3. The Occidental Policy was issued to Elizabeth Springs and Christopher Springs as the named insureds on December 3, 2016 with an expiration date of December 3, 2017. The Residence Premises in the Occidental Policy was located at 1305 Arce Ct., Chesapeake, Va. 23322.

4. There are no other insurance policies issued or written by Occidental, or any parent, subsidiary or affiliate insurance carrier of Occidental, that could afford insurance coverage or benefits to the Defendants, or any of them, for the claims and causes of action hereinafter described, other than the Occidental Policy at issue.

## Jurisdictional Statement

5. Occidental is a North Carolina corporation with its principal place of business located in Raleigh, North Carolina. Occidental is, and at all times relevant to this action was, duly authorized to conduct business in the Commonwealth of Virginia.

6. The Defendant Leighton Devore (Devore) is a resident of Virginia and is a necessary party to this action because he is the person for whom liability insurance coverage is sought under the Occidental Policy for the claims and causes of action that are the subject of the civil action hereinafter described.

7. The Defendant Jasmine Hernandez (Hernandez) is an individual who is of the age of majority, who is *sui juris*, who is not a member of the Armed Forces of the United States on active duty, and who is a resident of the Commonwealth of Virginia. Hernandez is the individual who claims personal injuries as a result of the actions of Devore. As a result, she seeks insurance coverage for Devore to satisfy her claims.

8. This Honorable Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 United States Code 1332, based upon complete diversity of citizenship between the plaintiff and the defendants hereto, and based upon the fact the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and cost.

9. This Court has jurisdiction to issue a declaratory judgment as to the rights and obligations of the parties hereto pursuant to the Declaratory Judgment Act contained in 28 United States Code 2201.

10. All necessary and indispensable parties to this adjudication have been properly joined herein.

## The events giving rise to the claim

11. It is alleged by Hernandez that on December 11, 2016 Devore picked up a gas can and used it to throw gasoline on a burning fire causing an explosion and fire which caused her injury. Hernandez further alleges that Devore attempted to cover up the event and lied to investigators. Hernandez alleges the actions of Devore were negligent, and willful and wanton, and claims compensatory and punitive damages. (See Exhibit 2 attached a copy of the Amended Complaint: Virginia: in the Circuit Court for the City of Chesapeake, Hernandez v. Devore and Umstot, CL 18-6706-00)

12. On or about March 22, 2018, Devore was convicted before the Circuit Court for The City of Chesapeake, of a Felony of Unlawful Injury by Acid, etc.

### The Occidental Policy

13. The Occidental policy provides liability coverage for personal injuries that occur due to an "occurrence". The policy will provide coverage for resident relatives. The pertinent sections of the policy are:

**SECTION II – LIABILITY COVERAGES**
**A. COVERAGE E- PERSONAL LIABILITY**
If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.

**B. COVERAGE F – MEDICAL PAYMENTS TO OTHERS**

We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing "bodily injury". Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services. This coverage does not apply to you or regular residents of your household except "residence employees". As to others, this coverage applies only:

1. To a person on the "insured location" with the permission of an "insured"; or

2. To a person off the "insured location" if the "bodily injury":

    a. Arises out of a condition on the "insured location" or the ways immediately adjoining;
    b. Is caused by the activities of an "insured"; ...

**EXCLUSIONS**
1. Coverage E – Personal Liability and Coverage F – Medical Payments to Others do not apply to "bodily injury" or "property damage":

    a. Which is expected or intended by the "insured";

**DEFINITIONS**
1. "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

2. "Insured" means:

a. You and residents of your household who are:
  (1) Your relatives; or
  (2) Other persons under the age of 21 and in your care or the care of a resident of your household who is your relative.

b. A student enrolled in school full time, as defined by the school who was a resident of your household before moving out to attend school, provided the student is under the age of:
  (1) 24 and your relative; or
  (2) 21 and in your care or the care of a resident of your household who is your relative;

3. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:
a. "Bodily injury"; or
b. "Property damage"

        4. "Property damage" means physical injury to, destruction of, or loss of use of tangible property.

14. Occidental has been called upon under Occidental Policy to defend Devore and to pay any claims, judgments or compromises arising out of the events of December 11, 2016, including the causes of action asserted in Hernandez v. Devore; and Occidental has denied the Occidental Policy owes such coverage. Therefore, there exists an actual controversy and dispute between the parties hereto involving the obligation of Occidental to defend and be liable for damages allegedly caused by the acts and, or, omissions of Devore.

15. Occidental denies responsibility to pay or defend or provide insurance coverage for this action because the conduct of Devore is excluded from coverage because the injury was expected or intended.

16. Occidental denies responsibility to pay or defend or provide insurance coverage to Devore because Devore was not a resident relative at the time of the incident, and did not live at 1305 Arce Ct., Chesapeake, VA 23322.

17. Occidental hereby demands a trial by jury.

WHEREFORE, having set forth the grounds for its Complaint for declaratory judgment, Occidental prays as follows:

    A. That this Court find it has jurisdiction to issue a declaratory judgment as to the rights and obligations of the parties hereto; that it find venue is proper in this Court for the adjudication of the rights and obligations of the parties as to the policy of insurance that is the subject of this action; and that it find that all necessary and essential parties have been properly joined herein; and

    B. That this Court find the Occidental Policy at issue is the only policy of insurance written or issued by Occidental, or any parent, subsidiary or affiliate of Occidental, that could afford coverage

to or for Devore, for the claims and causes of action arising, either directly or indirectly, out of the events of December 11, 2016, including those that are the subject of the Hernandez v. Devore civil action; and

    C.    That this Court finds the claims and causes of action arising out of the events of December 11, 2016, including those described in the Hernandez v. Devore civil action, constitute claims that were expected or intended by Devore; and

    D.    That this Court determine that Devore was not a resident relative at the time of this incident and is not an insured under the policy, and Occidental is not required to provide insurance coverage for the Hernandez v. Devore action.

    E.    That this Court declare that Occidental has no obligation to provide insurance coverage or benefits to or for Devore, or to pay any judgments, settlements or claims arising, either directly or indirectly, out of the events of December 11, 2016, including the claims and causes of action that are the subject of the Hernandez v. Devore civil action; and

    F.    That this Court enter an Order incorporating all of the above described findings of fact and conclusions of law; and

    G.    That this Court grants to Occidental such further relief as it might deem appropriate.

                                              Occidental Fire & Casualty Company of North Carolina
                                              By Counsel

/s/ John D. McGavin
John D. McGavin, VSB No. 21794
jmcgavin@mbbtklaw.com
Anna G. Zick VSB No. 86057
azick@mbbtklaw.com
McGAVIN, BOYCE, BARDOT, THORSEN & KATZ, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile